# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TELOS HOLDINGS, INC., d/b/a Point Classics,  ) | |
| ) | |
| Plaintiff,  ) | Civil No. 3:08-0079 |
| ) | Judge Trauger |
| v.  ) | |
| ) | |
| X5 GROUP AB, d/b/a X5 Music Group, and  ) | |
| REALNETWORKS, INC.,  ) | |
| ) | |
| Defendants.  ) | |

## **MEMORANDUM and ORDER**

Defendant X5 Group AB has filed a Motion to Dismiss For Lack of Personal Jurisdiction (Docket No. 17), to which the plaintiff has responded (Docket No. 25). The plaintiff does not dispute defendant X5's assertion that this court lacks general personal jurisdiction over it. (Docket No. 25 at 6) Therefore, the court holds that there is no general personal jurisdiction over defendant X5 and will focus, instead, on the issue of whether this court has specific personal jurisdiction over this defendant.

A court deciding a motion to dismiss for lack of personal jurisdiction may rule on the motion on the basis of affidavits alone, permit discovery in aid of the motion, or conduct an evidentiary hearing on the merits of the motion. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). In all cases, the party asserting personal jurisdiction bears the burden of establishing that such jurisdiction exists. *See Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003); *see also Bird v. Parsons*, 289 F.3d 865 871 (6th Cir. 2002); *Compuserve, Inc. v. Patterson*,

1

89 F.3d 1257, 1262 (6th Cir. 1996).

The plaintiff requests that, "if the Court is unable to decide the motion in Point Classics' favor at this time," the parties be allowed to engage in jurisdictional discovery. (Docket No. 25 at 4) Because the court is unable to rule in the plaintiff's favor on the papers as they stand, it is hereby **ORDERED** that the stay of discovery is **LIFTED** so that the parties may engage in discovery relevant to specific personal jurisdiction only for sixty (60) days from the entry of this Order. Following the period of discovery, both parties may file supplemental briefs with regard to the pending jurisdictional issue by June 30, 2008.

It is so **ORDERED**.

ENTER this 10th day of April 2008.

_____
ALETA A. TRAUGER
U.S. District Judge

2